TATNALL & RICHARDSON, v. KIAMENSI WOOLEN COMPANY and WILLIAM DEAN.

In an action of trespass *quare clausem fregit* where the only plea is a justification of it, and any evidence is introduced by the defendant to support it, he will be entitled to the opening and conclusion to the jury.

TRESPASS *quare clausem fregit,* and plea of justification, all other pleas having been withdrawn.   The action was for a trespass for wrongfully entering upon an artificial dam of the plaintiff, erected across Red Clay Creek in New Castle County, and removing from it certain logs with which it was in part constructed.   The defendants were the owners of a mill seat and woolen factory on the same stream next above the dam of the plaintiffs, who were the tenants and occupants of a mill and a mill seat of which their dam was part and parcel, and the plea of justification was that they had increased the height of their dam above its former and rightful elevation by fixing additional logs upon it, and thereby raising and backing the water above it up to the factory of the defendants, so as to materially impede and obstruct the running of it, wherefore they had peaceably entered upon the dam of the plaintiffs, as they had a right· to do in such case, and removed the additional logs from it. They were both old-established mill seats with their respective dams, and had been for much more than twenty years prior to the increase in the height of that of the plaintiffs' complained of by the defendants.

*Gray,* for the defendants, after the testimony had

been closed on both sides, submitted to the court the question which of the parties was entitled to the opening and conclusion before the jury, and that under the plea of justification which was the only plea remaining on the record, and which was affirmative in its character, the *onus* of establishing it to the satisfaction of the jury, was on the defendants and they were, therefore, entitled to the opening and conclusion. 3 *Phil. Ev.* 514. 1, *Greenl. Ev. Secs.* 74. 75. 1 *Ch. Pl.* 438.

*Gordon*, (*Harrington* with him,) for the plaintiffs. It was a question addressed entirely to the discretion of the court, but the *onus* rested on the plaintiffs to show that they had done no more than they had a right to do, if they had increased the height of the dam, which, to say the least, was questionable under the proof, and that they were entitled to recover damages for the trespass committed and justified by the defendants. *Bonwill v. Dickson.* 1 *Harr.* 105.

*The Court.* (*Gilpin*, C. J., absent). The defendants having withdrawn before the trial commenced all their pleas, but that of justification of the alleged trespass, and having with the assent of the other side, proceeded in the first place to call and examine their witnesses in support of the plea, and the plaintiffs having reserved their witnesses and afterward called and examined them in reply, the present is distinguishable from the case of *Bonwill v. Dickson*, 1 *Harr.* 105. In that case the defendant offered no evidence to support his plea of justification. And it was, besides, a bad plea, although traversed, being a plea of justification simply in a civil action for an assault and battery, and offering no proof in support of it, but only in mitigation of the damages, he thereby virtually admitted the trespass, and assumed the burden of no issue joined in the pleading. The general rule in such cases as this is thus stated. In an action of trespass with the general issue and pleas of justification the plaintiff is at liberty, if he thinks fit, to reserve his

evidence in answer to the defendants' case, until the defendants' case is closed; or he may in the first instance, call any evidence to repel the defendants' justification. If he adopts the latter course, he must go through all the evidence he proposes to give, and he will not be permitted to give further evidence in reply. Where the general issue is not pleaded to an action of trespass, and issue is taken on the defendants' plea of justification, the defendants' counsel has a right to begin, as he will have to maintain the affirmative of the issue; and this, notwithstanding the *onus* of proving damages is on the plaintiff. 3 *Phil. on Ev.* 431. 1 *Ry. & Moo.* 292. *Hodges v. Holder,* 3 *Camp.* 366. *Jackson v. Hesketh,* 2 *Stark,* 518. *Cotton v. James, Moore & Walk.* 273. The defendants have, therefore, the right to open and conclude.

*Gray,* (*T. F. Bayard* with him) for the defendants. The law was well settled as to private nuisances or obstructions, and the right of one person to enter on the lands of another peaceably and abate or remove them. 3 *Black. Com.* 5 *Ang. on Water Courses,* 136 *Roberts v. Rose. Law Rep.* 1 *Ex.* 82. 11 *M. & W.* 176. *Boston v. Dulaney* 2 *Harr.* 489.

The case was afterward submitted to the jury without any charge from the court, and the defendants had a verdict.